UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DERRICK MULLINS,

                Plaintiff,

-against-

ISAAC SCISSORHANDS BARBER SHOP CORP. and
BEWSS COMPANY,
                Defendants.

---

Case No. 20 CV 1918

COMPLAINT

      Plaintiff, DERRICK MULLINS (hereinafter "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues defendants ISAAC SCISSORHANDS BARBER SHOP CORP. (the "Barbershop") and BEWSS COMPANY (the "Landlord") (the Barbershop and the Landlord being hereinafter collectively designated as the "Defendants") and alleges, upon information and belief:

## INTRODUCTION

      1.     Over twenty years after Congress passed one of our nation's landmark civil rights laws for people with disabilities, Defendants still maintain barriers that prevent customers who use wheelchairs or scooters from the full, independent and equal enjoyment of the Barbershop's goods and services.

      2.     Defendants have been and remain in violation of federal and state disability civil rights laws, in that they have failed to comply with federal and state nondiscrimination statutes.

      3.     Defendants have discriminated, and continue to discriminate, against Plaintiff in many ways, including, but not limited to, failing to ensure that its public accommodation is accessible to individuals with mobility impairments who require wheelchairs or scooters for mobility.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's claims brought under the laws of the State of New York. The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202. Money damages alone are inadequate, and Plaintiff has been suffering, and will continue to suffer, irreparable injury.

5. Venue is proper within this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

6. The Plaintiff has Cerebral Palsy. As a result, Plaintiff utilizes a wheelchair to ambulate. Plaintiff therefore has a disability within the meaning of the ADA. 42 U.S.C. § 12102(2)(A). Plaintiff also has a physical disability within the meaning of the laws of the City and State of New York.

7. Barbershop owns and operates a retail haircutting establishment at the premises known and designated as 2587 Broadway Avenue, New York, NY (the "Property"). The Property contains a "place of public accommodation" within the meaning of Title III of the ADA.

8. The Landlord is the owner of the Property.

9. The Barbershop occupies the Property pursuant to written agreement.

10. The Defendants are jointly and severally liable to Plaintiff for violation of his civil rights under the ADA.

**STATEMENT OF FACTS**

11. Plaintiff patronizes accessible businesses in the neighborhood where the Property is located.

12. Plaintiff would like to enter the Barbershop to get a haircut, as he did in or about

2

March 3, 2020, but has been deterred and prevented from doing so as a result of the rise at the entrance, as more fully detailed below.

13. Plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorney's fees, costs and expenses to redress Defendants' unlawful disability discrimination.

14. As more fully set forth below, Defendants are in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq. and its implementing regulations, 28 C.F.R. Part 36, the New York State Executive Law (the "Executive Law") § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.

15. Plaintiff will continue to visit the Barbershop and will enter if the barrier to his enjoyment of the facilities has been removed.

16. Defendants are required to remove architectural barriers to the physically disabled when such removal is readily achievable for a place of public accommodation that has existed prior to January 26, 1992, 28 CFR § 36.304(a). In the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26,1992, then the Defendants are required to ensure, to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR 36.401 then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

17. The services, features, elements and spaces of the Barbershop are not readily accessible to, or usable by Plaintiff.

18. The failure of the Barbershop to provide equal benefit of its goods, services, facilities, privileges, advantages, or accommodations to all patrons constitutes discrimination (42 USC § 12182(b) (ii)).

19. Under the ADA, both the property owner and lessee are liable to the Plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement). 28 C.F.R. 36.201(b).

20. An inspection of the Barbershop was conducted and the following details the results of that inspection[1]:

There is no signage indicating where the nearest accessible entrance is, nor is there a bell to notify employees of a disabled patron in need of assistance. The single door, at least 32 inches wide, opens inwards and sits over a rise of approximately 2 to 2 1/2 inches. No handrails were present.

Barriers to entry include:

a) The Barbershop is inaccessible to the Plaintiff due to the unramped rise in front of the entrance.

b) There is no accessible means of egress. Even if Plaintiff was assisted inside, he would be trapped inside in the event of an emergency.

c) Handrails are not installed at the door to assist patrons.

d) Due to the lack of any notification system, Plaintiff is unable to let employees inside know that assistance is needed outside.

21. Defendants failed to remove the barriers complained of, even though it is readily achievable to do so (42 USC § 12182(2) (a)).

---

[1] All of the barriers set forth were reviewed with Plaintiff prior to the filing of the complaint.

22. In the alternative, there are readily achievable alternatives to barrier removal that Defendants could have undertaken and must undertake in order to make the goods, services and facilities offered at the Barbershop accessible to individuals with disabilities. 42 U.S.C. § 12182(b)(2)(A)(v); 28 C.F.R. §§ 36.305 and 36.308, and further inspection of the Barbershop may reveal additional violations.

## **CLAIMS FOR RELIEF**

## **CLAIM I**

### READILY ACHIEVABLE BARRIER REMOVAL

23. It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 20, including installation of a permanent ramp on the sidewalk, or sloping the sidewalk, to remove the 2 to 2 1/2 inch rise at the door. By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iii), (iv) and 28 C.F.R. § 36.304.

## **CLAIM II**

### READILY ACHIEVABLE ALTERNATIVES TO BARRIER REMOVAL

24. In the alternative, if it is not readily achievable to remove all of the barriers to access set forth in paragraph 20, Defendants must provide readily achievable alternatives to barrier removal as required by 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

25. By failing to undertake alternatives to barrier removal to the extent it is readily achievable to do so, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

## **CLAIM III**

### FAILURE TO COMPLY WITH THE EXECUTIVE LAW

26. It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 20. By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Executive Law § 296(2)(c)(iii).

27. In the alternative, the Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

## CLAIM IV

### FAILURE TO COMPLY WITH THE ADMINISTRATIVE CODE

28. The Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of Administrative Code § 8-107(4), by maintaining and/or creating an inaccessible place of public accommodation.

29. It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 20. By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Administrative Code § 8-107(4).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A. Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the Defendants' place of public accommodation

B. Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including, but not limited to, the violations set forth above, specifically ramping the front entrance.

C. Retain jurisdiction over the Defendants until the Court is satisfied that the

Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur.

   D. Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

   E. Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

   F. Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

   G. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: March 4, 2020

              *Donald J. Weiss*
              ―――――――――――――――
              Donald J. Weiss, Esq. (7619)
              Attorney for Plaintiff
              363 Seventh Avenue, 4th Floor
              New York, New York 10001
              (212) 967-4440